State v. Johnson, 26 N. M. 20.

---

(No. 2346.   Feb. 28, 1920.)

## STATE v. JOHNSON.

### SYLLABUS BY THE COURT.

1.   Practicing osteopathy or medicine without the license required by law is not a nuisance per se.          P. 21

2.   In an action to enjoin one from practicing osteopathy and medicine without a license, the averments that such practice constitutes a nuisance and is greatly detrimental, dangerous and injurous to the health of the public, are statements

State v. Johnson, 26 N. M. 20.

of conclusions and not facts, and for that reason the complaint held not to state facts sufficient to state a cause of action.

P. 21

Appeal from District Court, Bernalillo County; H. F. Raynolds, Judge.

Action by State of New Mexico against W. L. Johnson. Judgment for defendant on demurrer to complaint, and the State appeals. Affirmed.

GEORGE R. CRAIG, Dist. Atty., and GEO. C. TAYLOR, both of Albuquerque, for the State.

ISAAC BARTH and T. J. MABRY, both of Albuquerque, for appellee.

### OPINION OF THE COURT.

MECHEM, District Judge. The state of New Mexico brings this action to enjoin one W. L. Johnson from the practice of osteopathy and medicine without having a license. The complaint is in two counts. By the first it is charged that W. L. Johnson was engaged in practicing osteopathy in the county of Bernalillo without having first obtained a license as required by law, and that such practice constitutes a nuisance, and is dangerous, detrimental, and injurious to the health of the inhabitants of the county of Bernalillo and state of New Mexico. The second count is the same as the first in all respects except that it is charged that the defendant is engaged in the practice of medicine without having first obtained a license as required by law. To the complaint the defendant demurred on the ground that the complaint failed to state facts sufficient to constitute a cause of action.

[1, 2] Our Code provides that complaints must contain "a statement of the facts constituting the cause of action, in ordinary and concise language." Section 4104, Codification 1915. Examining the complaint, we find but one fact stated, viz. the practice of osteopathy or

medicine without a license. The allegations that such practice is a nuisance, or is detrimental, dangerous, and injurious to the public health, are merely conclusions of the pleader. Practicing osteopathy or medicine without a license is not a nuisance per se.

"Averments of mere conclusions are insufficient, and so, where the thing complained of is not a per se nuisance, the facts which make it such must be averred, and a mere averment that it is or will be a nuisance is not sufficient." 29 Cyc. 1241.

The judgment of the lower court sustaining the demurrer and dismissing the complaint was correct, and it is therefore affirmed.

PARKER, C. J., and ROBERTS, J., concur.