(133 So. 913)

BROWN v. STATE ex rel. WRIGHT, Solicitor.

8 Div. 185.

Supreme Court of Alabama.
April 16, 1931.

Ben L. Britnell and S. A. Lynne, both of Decatur, for appellant.

Wade Wright, of Decatur, for appellee.

BOULDIN, J.

The bill is filed in the name of the state of Alabama, on the relation of the solicitor of Morgan county court, to abate a nuisance, a place of assignation or prostitution, under the act of 1919, now Code, § 9280 et seq.

The constitutionality of the act was considered and upheld in Ridge v. State ex rel. Tate, 206 Ala. 349, 89 So. 742, 744. That case held the bill may be verified by the affidavit of "any competent person who knows or is informed of the facts." In that case the sufficiency of the affidavit as one on information and belief was argued, but it was held this question was not properly raised.

In the instant case affiant, the solicitor, deposes "that he is informed and believes and upon such information and belief says that the allegations and averments contained in the foregoing bill of complaint are true."

This is the approved form of such affidavit. Burgess & Co. v. Martin, 111 Ala. 656, 20 So. 506; Sulzby v. Palmer, 194 Ala. 524, 531, 70 So. 1.

The statute does not require verification by one having knowledge of the facts. Appellant argues that proceedings of this kind, involving the character of persons, and calling for remedies quite punitive in character, should not be instituted on mere information or hearsay. To require the relator, or some other affiant, to have actual knowledge would defeat the purposes of the statute in many cases.

We observe the statute declares that general reputation shall be admissible and prima facie evidence of the existence of such nuisance. Code, § 9292.

The legislative intent to require higher evidence to get into court than to prove the case when in court is not to be presumed.

The averment of the existence of the nuisance, defining same in the terms of the statute, is sufficient.

The chosen language of the law from which all persons must know what constitutes such nuisance advises the parties to the suit what they are called upon to defend.

We are of opinion, however, upon a study of the general scheme of the statute, that the filing of a verified complaint, together with a lis pendens notice, for record in the office of the judge of probate "at or before" the commencement of the suit, is mandatory, and an essential part of the procedure, which should be averred and proven in the cause. Code, § 9284.

This statute calls for more than the mere notice of lis pendens. The verified complaint charging a nuisance of this class at a designated place, and maintained by named persons, is required in addition to the usual form of lis pendens notice. True, the same information in general is contained both in the complaint and the lis pendens notice. But a verified complaint is expressly required.

"At or before" the commencement of the suit, in connection with the required contents of the accompanying notice, can only mean that the bringing of the suit and filing of the verified complaint in the probate office are contemporaneous acts, although it need not appear which was actually filed first.

The scheme of the statute contemplates, first, an ex parte restraining order, if desired, to prevent removal of the contents of the place; to preserve the status quo as to personal effects pending application for temporary injunction to be heard on notice. This order and others to follow are declared operative on all persons. Code, §§ 9284, 9285.

Again, the statute contemplates closing the premises for all purposes in certain events by the temporary injunction. This affects the owner of the property, who may not be a party to the suit. Code, § 9290.

Special provision is made for the owner, upon a showing of specified facts, to prevent such closing order or to get the property released therefrom pending a final hearing, upon executing a bond as specified. Code, § 9291.

Further provisions touching the closing of the premises, and disposition of personal effects of respondents in the final proceedings

for the abatement of the nuisance are enacted. Code, § 9293.

The general aim is to bring about the speedy abatement of the nuisance by the accused parties or others interested in the proceeding or property. The injunction runs against the respondents throughout the county in which the proceeding is had. Code, § 9289.

In connection with all these provisions, and we think in aid of such general purpose, is this requirement of the filing of a verified complaint in the office of the judge of probate.

█ Being an essential part of the procedure on which the equity of the statutory bill rests, the question was presented by general demurrer. The court below erred in his view of the law on this point.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.