313 P.2d 342

STATE of New Mexico, Appellee,

v.

Mary ROBERTSON, Appellant.

No. 6201.

Supreme Court of New Mexico.

July 3, 1957.

McAtee, Toulouse & Marchiondo, Albuquerque, for appellant.

Fred M. Standley, Atty. Gen., Robert F. Pyatt, Asst. Atty. Gen., Hilton A. Dickson, Jr., Asst. Atty. Gen., Santa Fe, for appellee.

SADLER, Justice.

The defendant as an appellant before this Court complains of a decree of the district court of Bernalillo County instituted pursuant to the provisions of 1953 Comp., §§ 40–34–15 to 40–34–19 enjoining her from using and maintaining certain premises described in the complaint for purposes of lewdness, assignation or prostitution and calling upon her to give a bond in the sum of $5,000 conditioned upon her abiding by the terms of such decree in all respects.

The proceeding out of which this appeal arises was instituted in the district court of Bernalillo County by the district attorney of the second judicial district of the State of New Mexico. It was heard on the State's complaint and an order to show cause served on the defendant following filing of the complaint.

The defendant's only pleading up to the time of trial was a motion to dismiss, which, at opening of the trial, the court overruled. Thereupon the trial proceeded at the conclusion of which the court made findings of fact and conclusions of law, as follows:

"Findings of Fact

"I. That the Respondent, Mary Robertson is the lessee of the premises located at Route 3, Box 163, Bridge Street, SW, Albuquerque, New Mexico, known as the Hide Away Cafe, and is the holder of an occupation license for the operation of a cafe.

"II. That the Respondent, Juan Blea, is the owner of the premises located at Route 3, Box 163, Bridge Street, SW, Albuquerque, New Mexico, and known as the Hide Away Cafe.

"III. That lewdness, assignation, and prostitution have been conducted, permitted, continued, and exist at the premises known as the Hide Away Cafe.

"IV. That Mary Robertson has used, occupied, established, maintained, and conducted a place, to-wit: The Hide Away Cafe, upon which lewdness, assignation or prostitution has been and now is conducted, permitted and continued, and has been in control of said premises.

76

"Conclusions of Law

"I. That a nuisance exists at the Hide Away Cafe, Route 3, Box 163, Bridge Street, S. W., Albuquerque, New Mexico, as defined in Section 40–34–15, NMSA1953.

"II. That Mary Robertson, respondent herein, is in control of such nuisance.

■ A careful review of the evidence satisfies us it affords substantial support for the findings made, rendering quite proper the conclusions of law deduced from them. Based upon the findings and conclusions so made, the trial court entered its order of injunction as follows:

"* * * Now, Therefore, it is hereby ordered, that Respondent, Mary Robertson, be and she hereby is enjoined from using, occupying, establishing or maintaining the premises and building known as the Hide Away Cafe and located at Route 3, Box 163, Bridge Street, SW, Albuquerque, New Mexico, or any other premises or buildings within the County of Bernalillo, State of New Mexico, for purposes of lewdness, assignation or prostitution.

"It is further ordered that Respondent, Mary Robertson, post with the Clerk of this Court a $5,000.00 bond, conditioned upon her abiding by the above order in all respects."

Within a few days after entry of its judgment, as aforesaid, the defendant filed a motion asking the court to set aside the judgment entered against her upon the ground the Petition for Injunction failed to state a claim upon which relief could be granted and the further ground, the trial court exceeded its jurisdiction in requiring from her a $5,000 bond conditioned upon her obeying the order of injunction. This motion having been overruled by the court, the defendant duly has prosecuted an appeal to this Court from the judgment so entered against her.

■ The first ground upon which she attacks the judgment is that the allegations in the complaint of "lewdness, assignation or prostitution" are mere conclusions of law, and expose the petition to a fatal defect in this, that it fails to set "forth the facts constituting such nuisance" as the district attorney was moving against, all as required by 1953 Comp., § 40–34–17. State v. Johnson, 26 N.M. 20, 188 P. 1109, 1110, is relied upon as an authority for this claim of error. The allegations specifically assailed in State v. Johnson, supra, are as follows:

"* * * W. L. Johnson was engaged in practicing osteopathy in the county of Bernalillo without having first obtained a license as required by law, and that such practice constitutes.

a nuisance, and is dangerous, detrimental, and injurious * * *."

These allegations were held to be mere conclusions. But in the court's opinion the following was quoted with approval from 29 Cyc. 1241, to-wit:

"Averments of mere conclusions are insufficient, and so, where the thing complained of is not a per se nuisance, the facts which make it such must be averred, and a mere averment that it is or will be a nuisance is not sufficient."

There is this distinction between the Johnson case and this one. In the Johnson case, the court was not dealing with a nuisance *per se*. This distinction is pointed out in the quotation from 29 Cyc. 1241, above. But where, as here, the nuisance complained of is one, *per se,* and so denounced in the statute, it is sufficient to allege its existence in the language of the statute. In 1953 Comp., § 40–34–15, it is said:

"Nuisance shall mean any place upon which lewdness, assignation or prostitution is conducted, permitted, continued or exists."

In 33 Am.Jur. 24, it is said:

"Extreme particularity is not necessary in charging the offense of lewdness. The indictment is sufficient if there is such a degree of certainty as will afford the accused protection in the exercise of his legal rights in making a defense, and will also furnish a record of conviction or acquittal that may be interposed if he is indicted a second time for the same offense. Usually, if an indictment is brought under a statute against lewdness which sets forth the necessary elements of the offense, the offense may be charged in the language of the statute."

In Carpenter v. State ex rel. Hains, 194 Ga. 395, 21 S.E.2d 643, 646, the court said:

"The petition alleges in substance facts which the statute, Code, 872–301, et seq., declares to be a public nuisance abatable in the manner here employed. A cause of action is alleged, and the judgment overruling the general demurrer is not error as contended."

In a California case, People ex rel. Bradford v. Arcega, 49 Cal.App. 239, 193 P. 264, 265, the court said:

"The specific point thus made is that the mere statement in the complaint that the premises in question were and had been used for the purposes of lewdness, assignation, and prostitution involves a legal conclusion, and that it is therefore deficient in the setting forth of a cause of action for the relief demanded, the position of the appellant being that, to state a case under the Abatement Act, the complaint must contain a specific description of the

acts constituting all or any one of the alleged general acts of lewdness and prostitution and assignation. This precise point has been repeatedly decided adversely to the position taken by the appellant."

In Brown v. State ex rel. Wright, 222 Ala. 623, 133 So. 913, 914, touching the question now discussed, the court said:

"The averment of the existence of the nuisance, defining same in the terms of the statute, is sufficient.

"The chosen language of the law from which all persons must know what constitutes such nuisance advises the parties to the suit what they are called upon to defend."

We are quite satisfied that the allegations of the petition challenged by defendant are not subject to the attack made upon them. The defendant could not be in the dark as to just what she was called upon to defend against.

■ The next claim of error presented by defendant challenges so much of the judgment as imposed upon her the duty to file a $5,000 bond conditioned for the performance by her in all respects of the injunction issued against her.

An examination of the record satisfies us the trial court erred in calling upon defendant for a bond in the sum of $5,000, conditioned for the performance in all respects of the injunction against her. When it is recalled that the order of injunction restrains defendant from using, occupying or maintaining the premises known as the Hide-Away Cafe, *"or any other premises or buildings within Bernalillo County* for purposes of lewdness, assignation or prostitution" (Emphasis ours) it is at once apparent that the relief awarded goes beyond any sought or contemplated by the proceeding initiated through the district attorney. In so doing the court was violating a cardinal equitable principle that where the primary objective of an injunction is to enjoin the commission of a crime, relief will be denied. Town of Gallup v. Constant, 36 N.M. 211, 11 P.2d 962; City of New Orleans v. Liberty Shop, 157 La. 26, 101 So. 798, 40 A.L.R. 1136, and annotation at page 1145.

True enough, where a ground of equitable jurisdiction to enjoin otherwise exists, the claim to such relief is not to be denied merely because the act complained of constitutes a crime. The point we wish to emphasize is the fact that a crime may not in and of itself be made an independent ground for injunction. Town of Gallup v. Constant, supra. The instant case affords a prime example. The act enjoined is a crime (1953 Comp., §§ 40–34–1 to 40–34–5) which constitutes as well a public nuisance, subject to abatement as such with or without a statute expressly authorizing injunction.

As confined to Hide-Away Cafe, the injunction will lie, even though the act complained of constitutes a crime. Town of Gallup v. Constant, supra. Accordingly, the trial court had the discretion to require defendant to give a bond conditioned to abide by and perform all the terms of the injunction order imposed upon her. With that condition imposed the trial court was through. When it sought to extend the authority of its restraint over defendant throughout Bernalillo County, and so expand the scope of the bond, it fell squarely within the interdiction that equity may not be employed to forestall the commission of a crime.

Our statute relied upon for this injunction, cited supra, is merely declaratory of an old head of equity jurisdiction, namely, the power to abate a public nuisance. State ex rel. Marron v. Compere, 44 N.M. 414, 103 P.2d 273. So it was that the trial judge had both the statute and the discretion inherent in his broad equitable powers to draw upon in providing means for the enforcement of his order by requiring the bond of defendant it did, so long as its effect was confined to the premises in question. Compare City of Roswell v. Jacoby, 21 N.M. 702, 158 P. 419, and State ex rel. Martin v. Superior Court, 101 Wash. 81, 172 P. 257, 4 A.L.R. 572.

It follows from what has been said that the judgment of the trial court should be affirmed in part and reversed in part. The injunction order made, confined to the premises described in the complaint, as well as the bond so limited, stands affirmed. In so far as the injunction attempts to extend its scope over all of Bernalillo County, and calls for a bond as broad, it is erroneous. That much of the decree must be deleted. The judgment will be reversed and cause remanded to the district court of Bernalillo County with instructions to said court to reinstate the cause on its docket, set aside the order reviewed and reframe a decree in conformity with the views expressed herein.

It is so ordered.

LUJAN, C. J., and McGHEE and COMPTON, JJ., concur.

KIKER, Justice (concurring in part and dissenting in part).

To the extent and with the result that the defendant be enjoined as ordered, I concur in the majority opinion. As to the requirement that a bond in the sum of $5,000 be required of defendant as a guarantee that she will live in obedience to an order of the court of general jurisdiction, I dissent.

The arm of a court of equity is not, and there should be no intimation that it is, so short that it cannot protect its order with-

out bringing in additional aid and assistance by way of bond.

The order of the court as modified by the majority is that the defendant should not use the designated property for purposes of lewdness, assignation or prostitution and further that she " * * * post with the Clerk of this Court a $5,000.00 bond, conditioned upon her abiding by the above order in all respects."

In case the defendant should violate the order of the court by opening the designated premises as a bawdy house, the court should have, and does have, the power to bring her in and punish her for contempt.

Having this power, why should a bond be required? I know nothing of the financial standing of defendant but wonder just what is intended should result if she is unable to make a $5,000 bond. If defendant does deposit the bond, no court has the power merely to require a forfeiture of the principal amount of the bond in case of failure to comply with the injunction order. If defendant does deposit the bond and if suit is necessary who must sue—the State or the plaintiff? If defendant cannot deposit the bond is she not then in contempt? Having no money, must she go to jail? Are we about to return to the maintenance of cells for poor debtors?

I have tried to find in the books authority justifying the requirement that defendant post this bond, but have failed.