### 5491. ANDREWS *v.* CHASON, administrator.

1. A negotiable note purporting to be given for "value received" is prima facie presumed to be founded on a full legal consideration. *Rowland* v. *Harris*, 55 *Ga.* 141; *Purcell* v. *Armour Packing Co.*, 4 *Ga. App.* 253, 259 (61 S. E. 138); *Bing* v. *Bank of Kingston*, 5 *Ga. App.* 578 (4), 580 (62 S. E. 652).
2. Where evidence introduced is not properly connected with any issue on trial, the court may, in the exercise of a sound discretion, allow the party who introduced it to withdraw it, notwithstanding the opposing party may have introduced testimony to rebut it. If evidence is irrelevant, it should not be submitted to the jury, and there is no error in withdrawing such evidence at any stage before the case is finally submitted to them.

DECIDED SEPTEMBER 1, 1914.

Complaint; from city court of Bainbridge—Judge Spooner. January 7, 1914.

*G. G. Bower,* for plaintiff in error. *T. S. Hawes,* contra.

WADE, J. Leon Chason, as administrator of the estate of D. W. Chason, brought suit against Aaron Andrews on several promissory notes, aggregating the principal sum of $880, and containing a recital of "value received." The notes provided for the payment of ten per cent. additional as attorney's fees, and the petition alleged that proper notice had been given to bind the defendant therefor. The defendant filed a plea in which he admitted that the plaintiff was the duly appointed administrator of the estate of the decedent, D. W. Chason, that the notes had been executed as alleged in the petition, and that the estate of D. W. Chason was the owner thereof, but denied that he had been served with proper notice to bind him for attorney's fees, and alleged that the notes were given for money which the decedent agreed to advance to him, but that the decedent died without having advanced the money to him, and therefore the consideration wholly failed. The record shows that the plaintiff proved, without objection, that he had given due and legal notice of his intention to bring suit on the notes, and to demand ten per cent. attorney's fees as provided for therein. The de-

fendant testified "that he had signed the notes for the purpose of getting the money they represented; that D. W. Chason had died; that he had never received any money from the Citizens Bank of Cairo, or any one else *other than D. W. Chason* [italics ours], who was dead." The plaintiff then introduced in evidence a check on the Citizens Bank of Cairo for $880, in favor of Aaron Andrews, signed by D. W. Chason, with the indorsement, "Aaron Andrews, x his mark. Witness F. M. Brannon." The check was marked, "Paid, July 11, 1908, Citizens Bank of Cairo." The plaintiff introduced also the depositions of F. M. Brannon, as follows: "I was connected with the Citizens Bank of Cairo, Georgia, on July 10th and 11th, 1908, in the capacity of president or vice-president. I have examined the check dated July 10, 1908, signed D. W. Chason, payable to Aaron Andrews for $880, on which is stamped, 'Citizens Bank, Cairo, Georgia, July 11, 1908, Paid,' and which purports on its back to have been indorsed 'Aaron Andrews, his mark, witness F. M. Brannon.' I witnessed his signature. I don't know whether it was paid or not. It ,purports to have been paid." Thereupon the defendant testified further as follows: "I never received the check introduced in evidence from any one, nor did I present it to the Citizens Bank of Cairo, nor did I get the money on said check, nor did I indorse said check." Both sides closed, and the defendant's counsel began his argument, but the court requested him to suspend argument, and announced that counsel for the plaintiff had withdrawn from evidence the check previously introduced in behalf of the plaintiff, and that the court therefore directed a verdict for the plaintiff for the amount sued for. The court declined to hear from counsel for the defendant as to the propriety of so doing. To the judgment directing the verdict, and to the refusal to hear from the defendant's counsel on this point and to allow him to proceed with his argument, the defendant excepted, insisting that there was still an issue before the jury, to wit, "the evidence by deposition of said Brannon as to the cashing of said check, the evidence of the defendant that he had never cashed said check, and the evidence of the defendant that he had never received any money on the same."

It is a well-settled rule that negotiable promissory notes are presumed to have been given for the consideration therein recited;

and hence it is not necessary to prove the consideration, unless this presumption has been met by proof of failure of consideration or that none ever existed. The defendant in his plea alleged an absence of consideration, but no testimony was adduced to sustain his contention. He himself testified that he had never received any money from the Citizens Bank of Cairo, or any one else "other than D. W. Chason," whose representative had instituted the suit. This was not a distinct denial that the notes were given for the consideration recited therein, and it did not successfully rebut the presumption that they had been executed and delivered for the consideration recited. It may be assumed that further testimony from the defendant, as to the absence of any consideration for these notes, was prevented by the proper enforcement by the trial judge of the provision of the Civil Code, § 5858 (1), that one can not be heard to testify in his own behalf concerning transactions between himself and a deceased person in a suit instituted by the administrator of the decedent.

The testimony of the former president of the bank, in reference to a check for $880, drawn by Chason, the decedent, in favor of the defendant, and apparently indorsed by the defendant and cashed by the bank on the day following the execution of the several notes sued upon, failed to show any connection whatever between this check and the notes sued upon, except what may have been inferred from the fact that the amount of the check was identical with the aggregate principal sum of the notes, and from the further fact that the check and the notes bore the same date, and the check appeared to have been cashed on the following day. Assuming that the jury would have accepted the defendant's evidence to the effect that he had never received the amount of the check from the bank, and had never indorsed or cashed the check, and taking into consideration the evidence of Brannon, who testified that he could not say whether the check had been actually paid or not, but could only say that he witnessed the signature of the defendant, and that the check purported to have been paid, nevertheless the jury would not, on account of the defendant's testimony or of the lack of positive evidence that this particular check had been paid, have been authorized to find in favor of the defendant, since the presumption of a consideration which the notes themselves carried would not have been successfully rebutted or overcome by any or all of this testimony.

To put the matter concisely, if all the testimony adduced at the trial had been permitted to remain in evidence before the jury, and the court had not directed a verdict in favor of the plaintiff, nevertheless the jury could not have returned any legal verdict other than the one that the court directed. It was entirely immaterial to the defendant whether the check and the evidence in regard to it were withdrawn from the consideration of the jury or not, as the notes themselves imported a consideration, and there was no evidence to negative this presumption. Besides, no connection whatever between the notes sued upon and the check offered and withdrawn was established by any of the testimony; and since the check could only by inference be connected with the case on trial, and could not in any view have affected the final result, it was proper for the court to allow its withdrawal. This being true, it was entirely useless for the court to permit argument on the part of counsel for the defendant, or in fact for either side, and the court therefore did not err in preventing such argument and instructing the jury to return the verdict rendered.

If it be true, as set out in the defendant's plea, that he never received any consideration for the several notes sued upon, it was unfortunate that he should have executed and delivered his notes to the deceased before actually receiving the consideration therein recited; but if so, and if the fact that the law prevents the defendant from testifying against the interest of the decedent as to transactions between them brings hardship, he can, after all, charge only himself with blame, because of his neglect of ordinary business precaution, and he can not properly inveigh against a just law, based on sound sense and wise public policy. It is hard to believe, however, that the defendant actually failed to receive the consideration named in the notes, especially as the evidence fails to disclose that the deceased plaintiff departed this life immediately or even very soon after the notes were executed and delivered to him; and we may not reasonably assume that the defendant would have allowed the notes to remain in the hands of the decedent for an indefinite time after their execution, without either calling for and receiving the agreed consideration or demanding and receiving back the notes themselves. However this may be, we can only enforce the law as it is; and since the testimony demanded the verdict, and the action of the trial judge which is complained of could not have affected

the only result that could be reached under the testimony, the judgment is                            *Affirmed.  Roan, J., absent.*