## DURRENCE v. WATERS, administrator.

PER CURIAM. 1. Where a general demurrer to a petition was overruled, the losing party had the option to sue out a direct bill of exceptions assigning error on the judgment, or to have certified and filed exceptions pendente lite. If he adopted the latter course, the ruling on the demurrer became a pendente-lite ruling, which was reviewable only after the termination of the case and upon its being brought to this court on exceptions taken to the final judgment rendered therein. *Durrence* v. *Waters*, 140 *Ga.* 762 (79 S. E. 841).

2. Where in such a case the demurring party filed and had duly recorded exceptions pendente lite, but subsequently, while a motion for a new trial was pending, sought to bring the case directly to this court by bill of exceptions, and the writ of error was dismissed on the ground that it was prematurely brought, as the case was still pending in the court below, this did not operate to destroy the exceptions pendente lite, which had been properly filed and recorded; but after the termination of the case adversely to the demurring party, and upon excepting to the final judgment, error could be assigned upon such pendente-lite bill of exceptions.

3. There was no error in overruling the demurrer to the petition, except in so far as it alleged that the defendant had conveyed to a third person such interest as she had in the land involved in the controversy. A plaintiff can not show that he is entitled to recover land from the possession of the defendant by showing that the latter has conveyed to a third person any interest which she may have had.

4. To an action seeking to recover land the defendant at the first term filed a plea in abatement, setting up that the same plaintiff had previously brought an action against the defendant to recover the land, and had dismissed it and instituted a second action without paying the cost of the former suit. The defendant also pleaded to the merits of the action. When the case was called for trial, a jury was stricken, and, without reading the petition, counsel for the plaintiff stated to them the contentions and case for the plaintiff which he expected to prove. Counsel for the defendant then stated to the court that the plea in abatement was of file and had to be first disposed of, and also stated to the court and jury the contentions of the defendant on the merits. *Held*, that while the general rule is that if a defendant who has filed a plea in abatement goes into the trial of the case upon its merits, without insisting upon such plea, he thereby waives it, the rule was not applicable

to the state of facts above set out; and it was error, on motion of the plaintiff, to strike the plea in abatement on the ground that it had been waived.

5. The ruling above made so infected the entire trial on the merits as to render it illegal. Accordingly, the errors complained of in the grounds of the motion for a new trial will not be specifically passed upon; but the judgment will be reversed without adjudicating their merits, and the case will be remanded in order that it may be retried under the rulings above made.

*Judgment reversed, with direction. All the Justices concur, except Fish, C. J., absent.*

FEBRUARY 20, 1915.

Complaint for land. Before Judge Sheppard. Tattnall superior court. January 12, 1914.

*H. H. Elders* and *Hines & Jordan,* for plaintiff in error.
*Way & Burkhalter,* contra.