NEWTON, administrator, *v.* ROBERTS.

</div>

ATKINSON, J. No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto. Civil Code (1910), § 6138.

(*a*) Where a defendant files a general demurrer to a petition, a judgment overruling the demurrer is a final determination of the case as to him; and accordingly, under application of the provisions of the foregoing section of the code, such judgment would be a disposition of the case that would authorize the defendant to assign error thereon in a direct bill of exceptions. *Central Railroad &c. Co.* v. *Denson,* 83 *Ga.* 266 (2) (98 S. E. 788); *Ramey* v. *O'Byrne,* 121 *Ga.* 516 (3) (49 S. E. 595); *Ray* v. *Hicks,* 146 *Ga.* 685 (92 S. E. 48); *Armor* v. *Stubbs,* 150 *Ga.* 520 (104 S. E. 500).

(*b*) The facts that after overruling the demurrer the case proceeded to trial and resulted in a verdict for the plaintiff, and that the defendant made a motion for new trial, would not prevent the defendant, acting within the time prescribed by law for filing a bill of exceptions to such judgment overruling the demurrer, from suing out his direct bill of exceptions assigning error on that judgment while the motion for new trial was pending in the trial court.

(*c*) The ruling in this case does not conflict with the decisions in the cases of *Duke* v. *Story,* 113 *Ga.* 112 (38 S. E. 337), *Kelly & Jones Co.* v. *Moore,* 125 *Ga.* 382 (54 S. E. 118), and *Duncan* v. *Duncan,* 145 *Ga.* 424 (89 S. E. 486), which did not involve exceptions to the overruling of general demurrers.

(*d*) A different ruling will not be required by the decision in the case of *Durrence* v. *Waters,* 140 *Ga.* 762 (79 S. E. 841), in which the defendant excepted to a judgment overruling a demurrer after he had caused to be certified and filed exceptions pendente lite to the judgment. In that case this court held: "The losing party to a judgment on general demurrer is given the option to sue out a direct bill of exceptions assigning error on the judgment, or to have certified and filed exceptions pendente lite. If the latter course be followed, the ruling on demurrer

---

Appeal and Error, 3 C. J. p. 433, n. 7; p. 484, n. 19; p. 669, n. 57.

becomes a pendente lite ruling which is reviewable only after the termination of the case, on exceptions taken to the final judgment rendered therein." The ruling there made will not be extended beyond the facts to which it refers.                *All the Justices concur.*

No. 5265. NOVEMBER 13, 1926.

Question certified by Court of Appeals (Case No. 17014).

*Dean & Wright,* for plaintiff in error.

*A. C. Wheeler* and *B. P. Gaillard Jr.,* contra.