Warehousemen, 40 Cyc. p. 425, n. 15 New.

17014. NEWTON, administrator, *v.* ROBERTS.

BROYLES, C. J. 1. Where a general demurrer to a petition was overruled, and the case proceeded to a verdict in favor of the plaintiff, and the defendant filed a motion for a new trial, and, while the motion was pending in the trial court, the defendant sued out a direct bill of exceptions, assigning error on the judgment overruling the general demurrer to the petition, *and where no exceptions pendente lite to that judgment were filed and certified before the bill of exceptions was pre-*

Appeal and Error, 4 C. J. p. 269, n. 13.
Bills and Notes, 8 C. J. p. 213, n. 11; p. 228, n. 98; p. 241, n. 99; p. 869, n. 27; p. 992, n. 21.
Contracts, 13 C. J. p. 325, n. 49: p. 365, n. 66.

*sented to the judge,* the bill of exceptions will not be dismissed by this court, where it was presented to the judge within 30 days of the date of the judgment complained of. *Newton* v. *Roberts,* 163 *Ga.* 135.

2. A negotiable promissory note which recites' that it is given for "value received" is, prima facie, presumed to be based upon a full legal consideration. *Andrews* v. *Chason,* 15 *Ga. App.* 103 (1) (82 S. E. 636), and citations.

3. "Slight consideration is sufficient to sustain a contract, and courts of law will not look closely into its adequacy." *Austell* v. *Rice,* 5 *Ga.* 472 (2).

4. The motive which induces one to execute a promissory note is no part of the consideration. *Austell* v. *Rice,* 5 *Ga.* 472 (5).

5. It is well settled by numerous decisions of the Supreme Court and of this court that services rendered, or to be rendered, to the maker of a negotiable promissory note are sufficient consideration to support the note.

6. In the instant case the negotiable promissory notes sued on recited that they were executed for "value received." Further on in each note was the statement: "This note given for services, love and natural affection." Conceding, but not deciding, that love and natural affection alone are not sufficient consideration to support the notes, they are supported by the other considerations recited therein, to wit, for "value received," and for "services;" and the words "love and natural affection" should be treated as mere surplusage. The court did not err in overruling the general demurrer to the petition, or in overruling the special demurrer which called upon the plaintiff to state "how much of said notes was given for services and how much of said notes was given for natural love and affection."

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED DECEMBER 14, 1926.

Complaint; from city court of Hall county—Judge Sloan. November 17, 1925.

*Dean & Wright,* for plaintiff in error.

*B. P. Gaillard Jr., A. C. Wheeler,* contra.