17121. NEWTON, administrator, *v.* ROBERTS.

A legal consideration is stated in a promissory note which contains the usual recital as to "value received," and the recital that it is given "for services and love and affection." The inclusion of the words "love and affection" does not render its consideration illegal.

DECIDED DECEMBER 14, 1926.

Complaint; from city court of Hall county—Judge Sloan. January 2, 1926.

*Dean & Wright,* for plaintiff in error.

*B. P. Gaillard, A. C. Wheeler,* contra.

PER CURIAM. Mrs. A. H. Roberts sued the administrator of the estate of Mrs. J. C. Newton upon a promissory note, the material portions of which are as follows: "$1,500.00. Candler, Ga., June 29th, 1916.· November 15th after date I promise to pay to the order of Mrs. Annie H. Roberts fifteen hundred dollars, for value received, payable at Gainesville, Ga., with interest after maturity until paid at eight per cent. per annum, with all costs of collection including ten per cent. as attorney's fees, if collected by law or through an attorney at law. . . This note given for services and love and affection. Given under the hand and seal of each party. [Signed]. Mrs. J. C. Newton (Seal). Witness: L. F. Roberts, G. W. Floyd." The jury rendered a verdict in favor of the plaintiff. The controlling issue raised by the defendant is upon the last sentence in the note, to wit, "This note given for services and love and affection;" the defendant contending that the words "love and affection" expressed an illegal consideration. This contention was urged in the motion for a new trial and relied upon for a reversal of the judgment overruling the motion.

We do not agree with this contention. The fact that the note recites that it was given for "services *and* love and affection" (italics ours) will not render the consideration illegal. Indeed, the testimony was sufficient to authorize the ·jury to find that the real consideration of the note was the services rendered by the payee of the note to the payor. For no reason pointed out in the record can we say that justice has not been done or that the plaintiff in error has not had a legal trial of his case. The trial judge, having approved the verdict, properly overruled the motion for a new trial.

The demurrers to the petition were properly overruled. *Newton* v. *Roberts,* 36 *Ga. App.* 156 (136 S. E. 98).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur. Bloodworth, J., absent on account of illness.*