GILBERT *v.* TIPPENS, superintendent of banks, *et al.*

PER CURIAM. The bill of exceptions as brought by the defendant assigns error only upon exceptions pendente lite as taken to the overruling of a demurrer to the plaintiff's petition, and upon an order striking the defendants' plea in abatement. *Held:* '

1. "The losing party to a judgment on general demurrer is given the option to sue out a direct bill of exceptions assigning error on the judgment, or to have certified and filed exceptions pendente lite. If the latter course be followed, the ruling on demurrer becomes a pendente-lite ruling which is reviewable only after the termination of the case, on exceptions taken to the final judgment rendered therein. Civil Code (1910),

§ 6138" (1933, § 6-701). *Durrence* v. *Waters*, 140 *Ga.* 762 (79 S. E. 841); *Durrence* v. *Waters*, 143 *Ga.* 223 (84 S. E. 471); *Newton* v. *Roberts*, 163 *Ga.* 135 (135 S. E. 505).

2. An order striking a plea in abatement is not a final judgment, nor would a judgment thereon have been a final disposition of the cause "if it had been rendered as claimed by the plaintiff in error." Code, § 6-701; *Ross* v. *Mercer*, 115 *Ga.* 353 (41 S. E. 594); *Johnson* v. *Battle*, 120 *Ga.* 649 (48 S. E. 128); *English* v. *Rosenkrantz*, 150 *Ga.* 745 (105 S. E. 292); *Crider* v. *Harris*, 181 *Ga.* 555 (182 S. E. 592).

3. It follows that the bill of exceptions is premature, and must be dismissed. While no motion to dismiss has been made, it is the duty of this court to take notice of its own lack of jurisdiction; and the failure to assign error upon a final judgment is a defect relating to jurisdiction. *Johnson* v. *Battle*, 120 *Ga.* supra; *Welborne* v. *State*, 114 *Ga.* 793 (40 S. E. 857); *Vanzant* v. *First National Bank*, 164 *Ga.* 772 (2-*a*) (139 S. E. 537); *Malsby* v. *Shipp*, 177 *Ga.* 54 (3) (169 S. E. 308).

*Writ of error dismissed. All the Justices concur.*

No. 11408. NOVEMBER 12, 1936. REHEARING DENIED DECEMBER 11, 1936.

*Davis & Frieden,* for plaintiff in error.
*L. L. Woodward* and *Bennet & Peacock,* contra.