CARPENTER *v.* THE STATE *ex rel.* HAINS, solicitor-general.

No. 14218. JULY 15, 1942. REHEARING DENIED JULY 27, 1942.

398

*Franklin H. Pierce* and *Jeff D. Curry,* for plaintiff in error.
*George Hains, solicitor-general,* and *W. K. Miller,* contra.

DUCKWORTH, Justice. ■ The first assignment of error is to the judgment denying the motion to vacate the ex parte restraining order. The judgment here excepted to was rendered on April 10, after the restraining order had been superseded by an interlocutory injunction on March 20. It thus appears that the question involved by the exception has become moot, and that no judgment by this court could affect the status of the parties as relates to that order. Accordingly no ruling is made upon the merits of this ground of exception.

■ The petition alleges in substance facts which the statute (Code, § 72-301 et seq.) declares to be a public nuisance abatable in the manner here employed. A cause of action is alleged, and the judgment overruling the general demurrer is not error as contended. *Edison* v. *Ramsey,* 146 *Ga.* 767 (92 S. E. 513) ; *Henson* v. *Porter,* 149 *Ga.* 83 (99 S. E. 118) ; *Griffith* v. *Hapeville,* 182 *Ga.* 333 (185 S. E. 522) ; *State ex. rel. Boykin* v. *Ball Investment Co.,* 191 *Ga.* 382 (12 S. E. 2d, 574).

■ It is observed that the bill of exceptions contains only a general exception to the final judgment, upon the ground that it is contrary to law. Where the only judgment excepted to is the final judgment rendered by the court without a jury, the rule is that a statement in the bill of exceptions that the plaintiff excepts to said judgment as contrary to law is not a valid assignment of error, will not be considered by this court, and the writ of error will be dismissed. *Rodgers* v. *Black,* 99 *Ga.* 142 (25 S. E. 20); *Wheeler* v. *Worley,* 110 *Ga.* 513 (35 S. E. 639); *Greenfield* v. *Harvey,* 191 *Ga.* 92 (11 S. E. 2d, 776). Another clearly defined rule is that "The losing party to a judgment on general demurrer is given the option to sue out a direct bill of exceptions assigning error on the judgment, or to have certified and filed exceptions pendente lite. If the latter course be followed, the ruling on demurrer becomes a pendente lite ruling which is reviewable only after the termination of the case, on exceptions taken to the final judgment rendered therein." *Durrence* v. *Waters,* 140 *Ga.* 762 (79 S. E. 841). Supporting this rule, see *Harrell* v. *Tift,* 70 *Ga.* 730; *Kibben* v. *Coastwise Dredging Co.,* 120 *Ga.* 899 (48 S. E. 330); *Newberry* v. *Tenant,* 121 *Ga.* 561 (49 S. E. 621); *Durrence* v. *Waters,* 143 *Ga.* 223 (84 S. E. 471); *Gilbert* v. *Tippens,* 183 *Ga.* 497 (188 S. E. 699). There are many other decisions of this court applying one or the other of the above discussed rules. Much uncertainty has arisen by a combination of the two rules. In *Lyndon* v. *Georgia Railway & Electric Co.,* 129 *Ga.* 353 (58 S. E. 1047), an attempt at clarification was made, and many decisions were reviewed. Special consideration was given to the decision in *Newberry* v. *Tenant,* supra, and it was there stated that the decision last mentioned was made by putting the two rules together and from them drawing a conclusion, and this court said that it was not satisfied with a part of that decision, and that it and cases following it were modified; and the court then undertook to state the correct rule as follows: "If the judgment is erroneous, not in itself, but because of antecedent error which entered into or infected it, then there can be no separate and distinct assignment of error on the judgment for other reason than because it was so infected or controlled thereby. If the final judgment is excepted to, and exception is made to and error duly assigned upon the ruling complained of, specifications of error in the ruling need

**400**

not be repeated in the exceptions to the final judgment, if they alone are relied on as making the judgment erroneous." The rule thus stated is lacking in certainty, in that it might imply that the exception to the final judgment must be based solely on the alleged errors in the antecedent ruling, whereas the true rule is, that, although the final judgment is excepted to on the general ground that it is contrary to law, if an examination of the record discloses that antecedent rulings duly excepted to in the bill of exceptions entered into and affected the final judgment, the bill of exceptions is sufficient to present to this court for decision the antecedent rulings excepted to and the final judgment in so far as it is affected by such antecedent rulings. In *Petty* v. *Bryant,* 188 *Ga.* 102 (2) (2 S. E. 2d, 910), after referring to the statutory requirements (Code, §§ 6-901, 6-1607) as to specification of decision and alleged error, it was said: "Thus where, as here, exception is taken to a specific antecedent ruling as stated, the plaintiff in error can not be heard, under a vague and uncertain general exception to the judgment as 'contrary to law,' to complain of other alleged errors which might possibly have been assigned, and which in this case are in fact urged in the brief of counsel, but which are not in any wise specified in the bill of exceptions. Accordingly this court is without jurisdiction to consider the questions, raised for the first time in the brief of the plaintiff in error, as to the validity of the bond sued on, or whether the judgment for the plaintiff was without evidence to support it." In the present case the only ground on which this court will review the final judgment is that embodied in the antecedent ruling on the demurrer, and under the ruling in division 2 the final judgment is not erroneous upon that ground. Briefs of counsel urge that the final judgment is invalid, because it is contrary to the statute, and that the court was unauthorized by the statute to render that judgment. Under the decision last cited this argument can not be considered, in view of the failure of the plaintiff in error to specify such alleged error in the exception to the final judgment.

*Judgment affirmed. All the Justices concur.*