## Womack *et al. v.* Williford *et al.*

Reid, Chief Justice. A petition brought to the court of ordinary to set aside a judgment probating a will was appealed to the superior court, where the defendants presented their general demurrer to the petition. The demurrer was overruled, and the defendants excepted pendente lite. The case proceeded to trial, and the court directed a verdict for the plaintiffs, and entered judgment thereon. The defendants sued out a bill of exceptions, wherein is set out the following: "After said demurrer was so overruled and disallowed, the defendants in the court below, within the time provided by law, tendered a bill of exceptions pendente lite, and the same was certified on the 24th day of February, 1942, and filed in the clerk's office of said court on the 25th day of February, 1942; and the defendants excepted, and now except and assign error on the pendente lite bill of exceptions and upon the rulings thereon excepted to, and say that the court erred in so overruling said demurrer and not dismissing said suit upon the ground that the petition set forth no cause of action. A motion for new trial was duly made within the time prescribed by law, and was disallowed and refused by the court on the 18th day of May, 1942, at a regular term of the superior court of Glascock County, the motion for new trial being upon the ground that there was no evidence to support the verdict of the jury, and the judgment of the court. The case thus illegally terminated." But in the instant bill of exceptions, which was presented to and certified by the trial judge on June 5, 1942, no exception is taken to or error assigned on the direction of the verdict or the judgment thereon or the judgment overruling the motion for new trial. Neither is the motion for new trial specified in the bill as a part of the record to be sent up, nor is the same shown in the record. *Held,* that the bill of exceptions is fatally defective in failing to assign error upon a final judgment, and for that reason does not give to this court jurisdiction to review a judgment overruling the general demurrer to the petition, in pursuance of exceptions pendente lite thereto and motion for new trial; and the bill of exceptions, as shown by the record, not having been certified or tendered for certification within the time prescribed by law after the judgment overruling the general demurrer, so as to authorize review by direct exception, on motion the writ of error must be dismissed. *Mertins* v. *Pritchard,* 135 *Ga.* 643 (70 S. E. 328); *Newton* v. *Roberts,* 163 *Ga.* 135 (135 S. E. 505); *Durrence* v. *Waters,* 140 *Ga.* 762 (79 S. E. 841); *Durrence* v. *Waters,* 143 *Ga.* 223 (84 S. E. 471); *Gilbert* v. *Tippens,* 183 *Ga.* 497 (188 S. E. 699); *Winder Lumber Co.* v. *Washington Brick Co.,* 149 *Ga.* 215 (99 S. E. 863); *Lyndon* v. *Georgia Railway & Electric Co.,* 129 *Ga.* 353 (3) (58 S. E. 1047); *Empire Cotton-Oil Co.* v. *Taylor,* 152 *Ga.* 693 (111 S. E. 35); *Rabhan* v. *Rabhan,* 185 *Ga.* 355 (195 S. E. 193); *Corniff* v. *Cook,* 95 *Ga.* 61 (22 S. E. 47, 55 Am. St. R. 55); Code, § 6-902.

*Writ of error dismissed. Bell, P. J., and Jenkins, Grice, and Duckworth, JJ., concur.*

No. 14278. October 12, 1942.

*Casey Thigpen* and *Stevens & Stevens,* for plaintiffs in error. *J. Cecil Davis,* contra.