## VERNER *v.* VERNER.

No. 14437.   MARCH 11, 1943.

*William S. Shelfer,* for plaintiff in error.   *Jones, Powers, Williams & Dorsey* and *W. Paul Carpenter,* contra.

ATKINSON, Justice.   ■   The defendant in error moved to dismiss the writ of error, on the ground the case was pending in the trial court, and the judgment complained of, if it had been rendered as claimed by the plaintiff in error, would not have been a final disposition of the cause, or final as to any material party thereto.

No cause shall be carried to the Supreme Court upon any bill

of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto. Code, § 6-701.

In determining whether the exception in the instant case was to a final judgment, a material question is whether the petition upon which the judgment was rendered was an amendment to the divorce suit. In this connection see *Ivey* v. *Forsyth,* 164 *Ga.* 705 (139 S. E. 354). The petition commenced:

"Harry Verner *v.* Mrs. Vicki Poller Verner. Number 139021. Fulton Superior Court.

"Georgia, Fulton County. To the Superior Court of said county:

"Harry Verner, petitioner, respectfully shows: 1. That he is the plaintiff in the above-stated action for divorce, now pending in this honorable court; and petitioner has been inducted into, and is now serving in, the United States Army," etc. Then petitioner set forth his reasons for asking the court to adjudicate his liability to pay temporary alimony to the defendant. No other reference to the divorce suit was made, and none of the relief sought in the present petition was asked in the divorce suit. The record shows that the trial court and each of the parties treated the petition as a separate action rather than as an amendment to the pending suit. In the circumstances the petition in the instant case should not be construed as an amendment to the divorce action.

Where the defendant filed a motion to dismiss an action because the court did not have jurisdiction to require her, a non-resident, to submit to the jurisdiction of the court for the purpose of having the question of temporary alimony adjudicated, a judgment overruling the motion is a final determination of the case as to her. *Newton* v. *Roberts,* 163 *Ga.* 135 (135 S. E. 505), and cit. Accordingly the motion to dismiss the writ of error is without merit.

■ Where a suit for divorce was filed by a husband against his non-resident wife at the situs of the marriage domicile, and where service by publication was perfected, the question for decision is whether such court has jurisdiction, at the insistence of the husband, to adjudicate his liability, if any, to pay the wife temporary alimony. It is declared in the Code, § 30-202: "Whenever an

action for divorce, at the instance of either party, or a suit by the wife for permanent alimony, shall be pending, the wife may, at any regular term of the court in which the same shall be pending, apply to the presiding judge, by petition, for an order granting to her temporary alimony pending the cause; and, after hearing both parties and evidence as to all the circumstances of the parties and as to the fact of marriage, the court shall grant an order allowing such temporary alimony, including expenses of litigation, as the condition of the husband and the facts of the case may justify." Under a proper construction of this section, the words "the wife may . . apply . . for an order granting to her temporary alimony" do not contemplate that a husband can institute a proceeding for the purpose of having his liability to pay temporary alimony adjudicated. It follows that the court erred in overruling the defendant's motion to dismiss the petition because the court did not have jurisdiction to require her to submit to the jurisdiction of the court for the purpose of having the question of temporary alimony adjudicated.

*Judgment reversed. All the Justices concur.*