### SMITH *et al. v.* BARKSDALE.

DUCKWORTH, Justice. The only ruling excepted to is one overruling a general demurrer to the petition. That judgment was rendered on May 30, 1945, and on June 2, 1945, it was excepted to pendente lite, and on the same day the present bill of exceptions was presented and certified. *Held:* While the losing party, under repeated rulings of this court, has the option of having reviewed a judgment on demurrer by a direct bill of exceptions or to have certified and filed exceptions pendente lite, if the latter course be followed the ruling on demurrer becomes a pendente lite ruling which is reviewable only after the termination of the case and in a bill of exceptions assigning error on the final judgment. *Durrence* v. *Waters,* 140 *Ga.* 762 (79 S. E. 841); *Newton* v. *Roberts,* 163 *Ga.* 135 (135 S. E. 505); *Gilbert* v. *Tippens,* 183 *Ga.* 497 (188 S. E. 699); *Carpenter* v. *State,* 194 *Ga.* 395 (3) (21 S. E. 2d, 643). The ruling on demurrer having become a pendente lite ruling upon the certification and filing of exceptions pendente lite of the defendant, the writ of error is prematurely brought to this court, and the motion of the defendant in error to dismiss the same on that ground must be sustained.

(*a*) This rule of practice will in no case result in injury to the demurrant. Should the trial result in a judgment in the demurrant's favor, the ruling on demurrer is harmless. If, on the other hand, the trial results in a judgment against the demurrant, a review of the ruling on demurrer may be had by assigning error on the exceptions pendente lite in a direct bill of exceptions to the final judgment.

*Writ of error dismissed. All the Justices concur.*

No. 15249. SEPTEMBER 7, 1945.

*Scott, Dunaway, Riley & Wiggins,* for plaintiffs in error.
*Shelton & Pharr,* contra.