## CREWS *v.* CREWS.

ATKINSON, Presiding Justice. The only exception is to the overruling of a general demurrer to the petition. The demurrer was overruled May 12, 1950, and exceptions pendente lite were filed and allowed May 15, 1950. On May 18, 1950, the present bill of exceptions was presented and certified. *Held:*

The losing party has the option of reviewing a judgment on demurrer by direct bill of exceptions, or to have certified and filed exceptions pendente lite. If pendente lite exceptions are filed, the ruling on demurrer *is reviewable only after the termination of the case in a bill of exceptions assigning error on the final judgment. Durrence* v. *Waters,* 140 *Ga.* 762 (79 S. E. 841); *Newton* v. *Roberts,* 163 *Ga.* 135 (135 S. E. 505); *Gilbert* v. *Tippens,* 183 *Ga.* 497 (188 S. E. 699); *Carpenter* v. *State,* 194 *Ga.* 395 (3) (21 S. E. 2d, 643); *Smith* v. *Barksdale,* 199 *Ga.* 723( 35 S. E. 2d, 149). The ruling on demurrer having been excepted to pendente lite, the writ of error is prematurely brought to this court and the motion to dismiss the same is sustained.

(*a*) This rule does not injure the demurrant. If the trial results in a judgment against him, a review of the rulings on demurrer may be

274

had by assigning error on the pendente lite exceptions in a bill of exceptions to the final judgment.

*Writ of error dismissed. All the Justices concur.*

No. 17193. SEPTEMBER 12, 1950.

*Joe Schreiber,* for plaintiff in error.
*C. V. Stanton,* contra.