SHIRLEY *v.* THE STATE.

No. 17651. SUBMITTED NOVEMBER 13, 1951—DECIDED JANUARY 15, 1952.

*Aaron Kravitch,* for plaintiff in error.

*Andrew J. Ryan, Solicitor-General, Sylvan A. Garfunkel* and *Kirk M. McAlpin,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) It is the duty of this court upon its own motion to raise the question of its jurisdiction in all cases. *Rowland* v. *State,* 199 *Ga.* 340 (34 S. E. 2d, 577), and citations. Where pendente lite exceptions are filed, the ruling on demurrer is reviewable only after the termination of the case, in a bill of exceptions assigning error on the final judgment. *Durrence* v. *Waters,* 140 *Ga.* 762 (79 S. E. 841); *Newton* v. *Roberts,* 163 *Ga.* 135 (135 S. E. 505); *Gilbert* v. *Tippens,* 183 *Ga.* 497 (188 S. E. 699); *Carpenter* v. *State,* 194 *Ga.* 395 (21 S. E. 2d, 643); *Smith* v. *Barksdale,* 199 *Ga.* 723 (35 S. E. 2d, 149); *Crews* v. *Crews,* 207 *Ga.* 273 (61 S. E. 2d, 144). The ruling on demurrer having been excepted to pendente lite, and there having been no termination of the case, which is still pending, the writ of error is prematurely brought.

This rule of practice will not result in injury to the accused. If convicted, a review of the rulings on demurrer may be had by assigning error on the exceptions pendente lite in a bill of exceptions to the final judgment.

*Writ of error dismissed. All the Justices concur.*