## 20086. SMITH v. THE STATE.

HAWKINS, Justice. Joe Smith was indicted in Chatham County for murder. He entered a plea of guilty in open court before the jury had been sworn or impaneled, and asked the court to impose sentence upon said plea as provided by law, whereupon the Judge of the Superior Court entered the following order: "The court permits the plea to be offered and filed, but refuses to sentence said defendant upon said plea and directs that he file his plea before a jury and stand trial before a jury." The bill of exceptions recites that the defendant refused to change his plea, and excepted to the action of the court in directing him to change his plea and to submit to trial by a jury, and assigns error thereon as being contrary to law and contrary to the statute of Georgia (Ga. L. 1956, p. 737; Code, Ann., § 27-2528), providing for the filing of a

plea of guilty in capital felony cases, and for the trial judge, in his discretion, to impose a life sentence without the recommendation of a jury in cases not founded solely upon circumstantial evidence, and also contrary to named sections of the Federal and State Constitutions. The defendant then filed a plea in abatement, in which he set forth that it was the legal duty of the court to have accepted his plea of guilty and to have sentenced him thereon, and that an attempted further trial before a jury would be null and void and should be abated. The trial court permitted the plea in abatement to be filed, but overruled the same, and to this ruling the plaintiff in error also excepts on the grounds that the action of the court was contrary to law and contrary to designated sections of the Federal and State Constitutions. *Held:*

1. The record in this court discloses that the defendant declined to comply with the order of the court to withdraw his plea of guilty, but fails to reveal that any trial before a jury has taken place, or that the defendant has been convicted of the crime alleged in the indictment, or that any final judgment or sentence has been entered. In order to obtain in this court a reversal of a judgment of which complaint is made, the burden is upon the plaintiff in error to show not only error, but injury. "When a plaintiff in error brings a case here he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party." *Brown* v. *City of Atlanta*, 66 *Ga.* 71, 76. Where, as here, it does not appear that the judgment directing the withdrawal of the plea of guilty and declining to impose sentence hurt the plaintiff in error, the writ of error will be dismissed. *First Nat. Bank of Chattanooga* v. *American Sugar Refining Co.*, 120 *Ga.* 717 (1) (48 S. E. 326); *Campbell* v. *Powell*, 206 *Ga.* 768, 770 (3) (58 S. E. 2d 829); *Jackson* v. *Davis*, 203 *Ga.* 39 (2) (45 S. E. 2d 278); *Mills* v. *Smith*, 203 *Ga.* 444, 448 (1) (47 S. E. 2d 260).

2. "A judgment sustaining or overruling a plea in abatement is not such a final judgment as can be made the subject of a bill of exceptions to this court within Code (Ann.) § 6-701." *Price* v. *Stewart*, 209 *Ga.* 339 (2) (72 S. E. 2d 459). See also *Gilbert* v. *Tippens*, 183 *Ga.* 497 (2) (188 S. E. 699). Accordingly, this bill of exceptions, assigning error on the overruling

of the plea in abatement, is premature, and must be
*Dismissed.    All the Justices concur.*
SUBMITTED JUNE 9, 1958—DECIDED JULY 11, 1958—REHEARING
DENIED JULY 22, 1958.

*Alphene W. Dowell, Aaron Kravitch,* for plaintiff in error.
*Andrew J. Ryan, Jr., Solicitor-General, Sylvan A. Garfunkel, James F. Glass, Jack H. Usher, Assistant Solicitors-General,* contra.