37408. LEVY *et al. v.* LOGAN.

NICHOLS, Judge. Annie Logan sued Eva Levy, individually, and the Citizens & Southern National Bank, as trustee of the estate of Alexander Levy, to recover the value of the life of her husband who was allegedly killed while painting a building of which the defendants were allegedly owners and tenants in common. The defendants filed general and special demurrers and a "plea in bar" to the petition. The plaintiff made an oral motion to dismiss the "plea in bar." On August 1, 1958, the trial court rendered a judgment sustaining the oral mo-

tion to dismiss the defendants' "plea in bar," overruling the defendants' general demurrer and certain of their special demurrers, and sustaining certain of their special demurrers, and allowing the plaintiff 20 days in which to amend her petition. On August 8, 1958, the plaintiff filed an amendment to her petition but no further judgment appears in the record. The defendants assign error on the judgment of the trial court rendered August 1, 1958. *Held:*

1. "Where it does not appear from the record that the trial court has rendered a judgment on the sufficiency of the pleadings after the expiration of the time allowed for amendment and where there is no assignment of error on any such subsequent order, the writ of error is premature and must be dismissed by this court. *Weinstein* v. *Rothberg*, 87 *Ga. App.* 94, 97 (73 S. E. 2d 106)." *Motels, Inc.* v. *Shadrick*, 96 *Ga. App.* 464, 465 (100 S. E. 2d 592).

2. A judgment ruling on a plea in bar to a plaintiff's petition is not a judgment to which a writ of error will lie as being, either, a final judgment, or a judgment that would have been final if rendered as contended for by the movant (*Martin* v. *Green*, 188 *Ga.* 444, 4 S. E. 2d 137), and while the Act of 1957 (Ga. L. 1957, pp. 224, 230; Code, Ann., § 6-701), allows direct appeals from judgments of trial courts on certain pleas in bar, to wit: pleas to the jurisdiction and pleas of res judicata, such act cannot be construed as providing for direct writs of error on all judgments dealing with all "pleas in bar." The plea in bar in the present case was based on an alleged estoppel by contract, a contract between the defendants and a third party. Inasmuch as no final judgment has been rendered in the present case by the trial court or any judgment that would have been final if rendered as contended for by the movant, this court has no jurisdiction of the writ of error and it must be dismissed.

*Writ of error dismissed. Felton, C. J., and Quillian, J., concur.*

DECIDED NOVEMBER 10, 1958.

*Wilson, Branch & Barwick, M. Cook Barwick, J. Frank Ogletree, Jr., James M. Roberts,* for plaintiffs in error.

*Lindsay, Bell, Everett & Kasper, George H. Kasper, Jr.,* contra.