37617. BESCO CORPORATION *v.* BUICE *et al.*

NICHOLS, Judge. 1. A judgment on a plea in bar to a plaintiff's petition is not a judgment to which a writ of error will lie as being either a final judgment or a judgment that would have been final if rendered as contended for by the movant (*Martin* v. *Green*, 188 *Ga.* 444, 4 S. E. 2d 137; *Levy* v. *Logan*, 98 *Ga. App.* 584, 106 S. E. 2d 185); and while the act of 1957 (Ga. L. 1957, pp. 224, 230; Code, Ann., § 6-701) allows

direct appeals from a judgment of the trial court on certain pleas in bar, to wit, pleas to the jurisdiction and pleas of res judicata, such act cannot be construed as providing for direct writs of error on all judgments dealing with all pleas in bar.

2. The plea in bar in the present case is not a plea of res judicata, but rather is a collateral attack upon the judgment of the Superior Court of Berrien County for having reversed the award of the State Board of Workmen's Compensation, issued on August 15, 1956, and nothing appears on the face of the judgment to indicate or even suggest any lack of jurisdiction on the part of Berrien Superior Court. Therefore the plea in bar in the case sub judice, not being such plea as contemplated and as would come within the terms of Code (Ann.) § 6-701, this court has no jurisdiction of the writ of error and it must be

*Dismissed. Felton, C. J., and Quillian, J., concur.*

DECIDED APRIL 23, 1959—REHEARING DENIED MAY 12, 1959.

*T. J. Long, Ben Weinberg, Jr.*, for plaintiff in error.
*J. Corbett Peek, Jr., T. J. Long*, contra.