### 38626, 38627.  BYRAM v. STATE HIGHWAY DEPARTMENT; and *vice versa.*

NICHOLS, Judge.  The State Highway Department filed a condemnation action in which it sought to condemn certain land owned by N. D. Byram. The petition sought to condemn the land under the procedure set forth in the Code providing for the appointment of assessors, one by the condemnor, one by the condemnee and one by those two assessors, or by the court in the event the first appointed assessors cannot agree on such third assessor. When the first appointed assessors could not agree upon a third assessor the court appointed such third assessor, but before such assessors could make their return the condemnor dismissed the proceeding without any prior approval of the court and thereafter, within a few days, filed a second condemnation proceeding to condemn the same land, but this time it sought to utilize the procedure provided by the General Assembly, whereby the amount of just and adequate

compensation is determined by a "special master." Thereafter, and before the "special master" appointed by the court could make any finding, the condemnee filed in the superior court a pleading, which properly denominated is a plea in abatement, whereby the condemnee sought to abate the second condemnation case because the dismissal of the first action was a nullity and because the cost in the first action had not been paid before the second condemnation case was filed. The condemnor demurred to such plea and thereafter the court overruled such demurrer, but, after hearing evidence, dismissed the plea. The condemnee assigns error on the dismissal of his plea and the condemnor, in the cross-bill of exceptions, assigns error on the judgment overruling its demurrers. *Held:*

" 'A judgment sustaining or overruling a plea in abatement is not such a final judgment as can be made the subject of a bill of exceptions to this court within *Code Ann.* § 6-701.' *Price v. Stewart,* 209 Ga. 339 (2) (72 S. E. 2d 459). See also *Gilbert v. Tippens,* 183 Ga. 497 (2) (188 S. E. 699)." *Smith v. State,* 214 Ga. 314 (2) (104 S. E. 2d 444). Accordingly, the main bill of exceptions must be dismissed. The main bill of exceptions being dismissed the cross-bill of exceptions must also be dismissed. See *Rich's, Inc. v. Denmon,* 101 Ga. App. 600 (114 S. E. 2d 462).

*Writs of error dismissed. Felton, C. J., and Bell, J., concur.*

DECIDED MARCH 7, 1961.

*Shirley C. Boykin, William P. Johnson, D. S. Strickland,* for plaintiff in error.

*Eugene Cook, Attorney-General, Carter Goode, E. J. Summermerour, Assistant Attorneys-General, Eugene Brown,* contra.