39387. TURNER *et al.* v. WALTERS, by Next Friend.

JORDAN, Judge. Ronald Howard Walters, by next friend, filed suit in the Superior Court of DeKalb County on February 6, 1958, to recover damages for personal injuries against the defendants, J. E. Turner and Norman E. Turner, d/b/a Ponce de Leon Dairy. On March 20, 1958, the defendants filed their general demurrer to the petition, and a plea in bar wherein it was contended that the plaintiff could not proceed with his common-law action based upon negligence, but must proceed under the workmen's compensation laws of the State of Georgia. The trial court on November 5, 1958, overruled the defendants' general demurrer to the petition, and on May 8, 1959, the court overruled the renewed general demurrers to the petition as amended. Various other pleadings were filed by the parties and on November 15, 1961, the case proceeded to trial on the defendants' plea in bar. The jury returned a directed verdict against the defendants on said plea and their verdict was made the judgment of the court on November 15, 1961. Subsequently, the defendants filed their bill of exceptions, in which they assigned error on the orders of November 5, 1958, and May 8, 1959, overruling

the general demurrers to the petition, and on the orders of November 15, 1961, overruling the defendants' motion for a directed verdict on the plea in bar and entering judgment against the defendants on said plea. *Held*:

1. "A judgment on a plea in bar to a plaintiff's petition is not a judgment to which a writ of error will lie as being either a final judgment or a judgment that would have been final if rendered as contended for by the movant (*Martin v. Green,* 188 Ga. 444, 4 SE2d 137; *Levy v. Logan,* 98 Ga. App. 584 106 SE2d 185), and while the act of 1957 (Ga. L. 1957, pp. 224, 230; *Code Ann.* § 6-701) allows direct appeals from a judgment of the trial court on certain pleas in bar, to wit, pleas to the jurisdiction and pleas of res judicata, such act cannot be construed as providing for direct writs of error on all judgments dealing with all pleas in bar." *Besco Corp. v. Buice,* 99 Ga. App. 528 (109 SE2d 88).

2. Under the decision of this court in the *Besco* case, supra, the judgment on the defendants' plea in bar in this case (said plea being substantially the same as the plea in bar under consideration in that case) is not a final judgment within the purview of *Code Ann.* § 6-701; and since exception was not taken to the antecedent orders of the trial court overruling the defendants' general demurrers to the petition within 30 days of the entry of said orders, this court has no jurisdiction of the writ of error and it must be

*Dismissed. Nichols, P. J., and Frankum, J., concur.*

DECIDED APRIL 3, 1962—REHEARING DENIED MAY 3, 1962.

*Woodruff, Latimer, Savell, Lane & Williams, A. Ed Lane, Jr.,* for plaintiffs in error.

*McCready Johnston,* contra.