### 23059. KITCHENS v. THE STATE.

QUILLIAN, Justice. The defendant in his bill of exceptions assigns error on the order of the trial court overruling his written challenge to the array of the traverse jury of the City Court of Colquitt County and on the exclusion of certain evidence which he sought to adduce during the hearing of the challenge to the array. The bill of exceptions also recites that the case proceeded to trial, that the jury returned a verdict of guilty and that pursuant to such verdict the court imposed misdemeanor punishment upon the defendant. Both the jury verdict and the judgment entered thereon are included in the record. However, no motion for new trial was filed and no exception was taken to the final judgment. *Held:*

While the bill of exceptions was tendered and certified within 30 days of the order overruling the defendant's challenge to the array of the traverse jury, such order did not constitute a final judgment, or one which would have been a final disposition of the cause if it had been rendered as claimed by the plaintiff in error, within the contemplation of *Code* § 6-701 as amended by Ga. L. 1946, pp. 726, 730; Ga. L. 1953, Nov. Sess., pp. 440, 455; Ga. L. 1957, pp. 224, 230; and hence, per se, it could not be excepted to directly, under our law. See cases holding that rulings on pleas in abatement and even pleas in bar, unless expressly specified by the Code section, are not final judgments within the meaning of the Code section. *Gilbert v. Tippens,* 183 Ga. 497 (2) (188 SE 699); *Martin v. Green,* 188 Ga. 444 (4 SE2d 137); *Smith v. State,* 214 Ga. 314 (2) (104 SE2d 444); *Levy v. Logan,* 98 Ga. App. 584 (106 SE2d 185); *Besco Corp. v. Buice,* 99 Ga. App. 528 (1) (109 SE2d 88). If it be assumed that the defendant is proceeding under the provisions of *Code* § 6-804, allowing exception to be taken to antecedent rulings necessarily con-

trolling the final judgment, the rule is well settled: "Although the bill of exceptions specifically assigns error upon rulings made during the progress of the case in the trial court, and recites the rendition of a final decree, . . . yet if it contains no assignment of error on the final decree, the writ of error must be dismissed. The final decree must be excepted to, in order to obtain consideration of exceptions to rulings preceding it." *Rabhan v. Rabhan,* 185 Ga. 355, 357 (195 SE 193).

*Writ of error dismissed. All the Justices concur.*

ARGUED JULY 13, 1965—DECIDED SEPTEMBER 13, 1965.

*C. B. King,* for plaintiff in error.
*Billy G. Fallin, Solicitor,* contra.

*Writ of error dismissed. All the Justices concur.*